OPINION OF THE COURT
David D. Egan, J.
This is a death penalty case. On April 19, 2001 defendant was convicted of two counts of first degree murder, and two counts of first degree rape arising out of three separate incidents that occurred within a two-month period in 1999.
CPL 400.27 (10) provides that, after rendering a guilty verdict but before sentencing, the court shall instruct the jury that they must reach a unanimous decision concerning whether to impose a sentence of death or life imprisonment without the *945 possibility of parole. CPL 400.27 (10) further requires the court to instruct the jury that if they are unable to reach a unanimous decision concerning sentencing, “the court will sentence the defendant to a term of imprisonment with a minimum term of between twenty and twenty-five years and a maximum term of life.” (CPL 400.27 [10].) This Court previously found that defendant failed to prove beyond a reasonable doubt that CPL 400.27 (10) was unconstitutional, and declined to refrain from instructing the jury concerning the consequences of not reaching a unanimous decision on sentencing. (People v Owens, Sup Ct, Monroe County, May 30, 2001, Egan, J. [DEF-21].) In the midst of the sentencing proceeding, defendant asks this Court to revisit its earlier decision. (See id.)
Defendant argues that this anticipatory deadlock instruction may coerce jurors who favor a life sentence without the possibility of parole to vote for death, simply to avoid the more lenient sentence. Defendant further contends that the “deadlock instruction would inject intolerable arbitrariness and irrationality into sentencing in capital cases even if it proves just as likely to influence death jurors as life-without-parole jurors to change their votes” rendering CPL 400.27 (10) unconstitutional.
The People oppose defendant’s motion, but do not object to this Court instructing the jury on the potential maximum and minimum sentences defendant could receive, based on his actual convictions, in the event the jury cannot reach a unanimous agreement on sentencing.
This Court again finds defendant has failed to prove beyond a reasonable doubt that the deadlock instruction of CPL 400.27 (10) is unconstitutional. As this Court noted in its prior decision:
“The courts of New York have almost uniformly rejected the notion that CPL § 400.27(10) is unconstitutional. People v. Santiago, unpublished, p. 3 (Mon. Cty. Ct. [Bristol, J.] (January 18, 2000); People v. Gordon, NYLJ, p. 32, col. 6 (October 29, 1998); People v. Van Dyne, unpublished, p. 4 (Mon. Cty. Ct. [Marks, J.] (September 2, 1998); People v. Parker, unpublished, p. 38-41 (Erie Cty. Ct. [D’ Amico, J.] (July 2, 1998); People v. Shulman, NYLJ p. 35, col. 4 (January 30, 1998); People v. Mateo, 175 Misc. 2d 192, 225 (Mon. Cty. Ct. 1997). While one court has found that CPL § 400.27(10) is unconstitutional, and refused to instruct the jury in *946 anticipation of a potential deadlock [People v. Harris, 177 Misc. 2d 160, 164 (Sup. Ct. Kings Co. 1998)], that jury later inquired on its own about the consequences of not reaching a unanimous verdict, and ultimately, sentenced that defendant to death.
“This Court agrees with the rationale of New Jersey’s highest court when it refused to invalidate a similar anticipatory deadlock instruction, ‘to hide from the jury the full range of its sentencing options, thus permitting its decision to be based on uninformed and possibly inaccurate speculation, is to mock the goals of rationality and consistency required by modern death penalty jurisprudence.’ State v. Ramseur, 106 NJ 123, 309, 524 A2d 188, (1987); see also, State v. Brown, 138 NJ 481, 651 A2d 19 (1994) (finding NJSA 2C:ll-3f constitutional); cf. Jones v. United States, 527 US 373, 383 (1999).
“The anticipatory deadlock instruction correctly advises the jury that a non-unanimous verdict is a final verdict. See People v. Shulman, supra. Nor does this Court find that the instruction tips the scales in favor of death. Cf. People v. Harris, supra. It is as likely that those jurors who favor life without the possibility of parole will persuade death-prone jurors to change their vote to avoid a non-unanimous verdict, and its associated lenient sentence. Instead the deadlock instruction actually benefits the Defendant by encouraging all jurors to stand by their beliefs, since a non-unanimous verdict is a final verdict, consistent with their earlier vote for conviction.” (People v Owens, DEF-21, supra.)
This Court, however, will instruct the jury before deliberations on the range of sentencing options at its disposal based on defendant’s actual convictions for both capital and noncapital offenses should the jury ultimately reach a unanimous sentencing determination.
Defendant’s motion is denied in part and granted in part as discussed fully in this decision.